Case 4:21-cv-00967   Document 19   Filed on 03/28/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., Plaintiff, | § § § § § § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-967 |
| MAYA INTERNATIONAL BAR & GRILL, LLC, *et al*. Defendants. | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by plaintiff Innovative Sports Management, Inc. ("Innovative Sports"). (Dkt. 14). No response was filed by defendants Maya International Bar & Grill, LLC ("Maya LLC"), Vaneza Isabel Lemus, or Ulises Lemus.[1] After reviewing the evidence submitted, the motion, and the applicable law, the Court concludes that Innovative Sports' motion for summary judgment should be **GRANTED**.

### I. BACKGROUND

Innovative Sports is a foreign license company that was authorized to sub-license the closed-circuit telecast of the March 26, 2019, Honduras v. Ecuador Innovative

---

[1] Each defendant was sued in their own name and under the "doing business as" designations Honduras Maya Internacional Bar & Grill and Maya Innovative Bar & Grill. (Dkt. 1 at 1).

Soccer Match ("the soccer match"). Maya International Bar & Grill ("Maya Bar"), which is managed by Vaneza Isabel Lemus and Ulises Lemus, exhibited the soccer match for its customers without authorization from Innovative Sports.

Innovative Sports filed this lawsuit in federal court, alleging that Defendants' unauthorized exhibition of the soccer match violated the Federal Communications Act ("FCA"). 47 U.S.C. § 605. (Dkt. 1) After Defendants filed an answer (Dkt. 6), Defendants' attorney withdrew from the case. (Dkt. 15). The Court ordered Maya LLC to obtain counsel and warned Maya LLC that failure to do so would result in the Court striking its pleadings.[2] (Dkt. 17). When Maya LLC failed to obtain counsel, the Court stuck its answer to Innovative Sports' complaint. (Dkt. 18). The Court instructed Innovative Sports to file a default judgment against Maya LLC, but Innovative Sports did not do so.

The Court considers Innovative Sports' motion for summary judgment against the individual defendants below.

II.   **SUMMARY JUDGMENTS**

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] As a limited liability company, Maya LLC cannot represent itself in federal court. *See, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel.").

matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts[,]" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted), and here Defendants have failed to submit evidence of contradictory facts. While summary judgment may not be awarded by default simply because there is no opposition, *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

### III. ANALYSIS

#### A. Liability Under § 605 of the Federal Communications Act

Section 605 of the FCA provides that "[n]o person . . . shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person[, and that no] person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication." 47 U.S.C. § 605(a). Section 605 is a strict liability statute and applies only to unauthorized interceptions of

signals through radio or satellite, not cable communications. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014); *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014).

Innovative Sports has a private right of action to obtain statutory damages under § 605 because it had proprietary rights to the satellite transmission of the soccer match. *See* § 605(d)(6), (e)(3)(C)(ii); (Dkt. 14-1 at 14-16). To establish liability under § 605, Innovative Sports must show (1) that the soccer match was exhibited at Maya Bar, and (2) that Innovative Sports did not authorize the particular exhibition of the soccer match. *See Joe Hand Promotions, Inc. v. Lee*, No. H-11-2904, 2012 WL 1909348 at *3 (S.D. Tex. May 24, 2012).

The summary judgment record contains evidence, including eyewitness observations, that Maya Bar showed the soccer match on the night of March 26, 2019.[3] (Dkt. 14-1 at 18). There is also evidence that the day before the soccer match, Maya Bar announced on social media that it intended to show the soccer match. (Dkt. 14-1 at 19). The evidence also establishes that Innovative Sports did not authorize the exhibition of the soccer match at Maya Bar. (Dkt. 14-1 at 8-9). Because (1) the soccer match was exhibited at Maya Bar and (2) Innovative Sports did not authorize the exhibition of the soccer match, Maya LLC is liable under § 605.

---

[3] The Court notes that Defendants' Answer both denied showing the soccer match and claimed that Defendants were authorized to show the soccer match because Defendants paid another entity (J&J Sports Productions) $1848 in 2011. (Dkt. 6 at 3). In any event, the summary judgment evidence before the Court conclusively demonstrates that Maya Bar showed the soccer match.

Innovative Sports may also hold Vaneza and Ulises liable under § 605 if it demonstrates that Vaneza and Ulises (1) had the right and ability to supervise the unauthorized exhibition of the soccer match, and (2) had a direct financial interest in Maya Bar. *J&J Sports Prods., Inc. v. Little Napoli, Inc.*, No. Civ. A. H-13-1237, 2014 WL 3667903, at *2 (S.D. Tex. July 22, 2014). Here, Ulises admits that he had the right and ability to supervise the activities at Maya Bar on the date of the soccer match. (Dkt 6 at 2). Vaneza only admits to holding the license/permit issued by the Texas Alcoholic Beverage Commission for Maya Bar. (Dkt. 6 at 2). The summary judgment evidence also establishes that both Ulises and Vaneza were registered as managers of Maya LLC in 2019. Accordingly, the Court finds that Ulises and Vaneza are individually liable under § 605.

In short, because there is no genuine issue of material fact that all Defendants are liable under § 605, Innovative Sports' motion for summary judgment as to its claims under § 605 is GRANTED.

### B. Remedies

The FCA provides for relief in civil actions once a plaintiff has established liability. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). The aggrieved party may recover a minimum of $1,000 and a maximum of $10,000 per violation in statutory damages, as well as costs and attorney's fees. § 605(e)(3)(B)(iii), (C)(i)(II). Furthermore, if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase damages by an amount of not more than $100,000 for each violation.

§ 605(e)(3)(C)(ii). The express text of the statute explicitly grants courts discretion in awarding additional damages that "the court considers just." § 605(e)(3)(C)(i)(II).

Here, Innovative Sports requests: (1) statutory damages of $10,000; (2) additional damages of $50,000 for Defendants' willful violation of the FCA; (3) attorney's fees in the amount of one-third of its recovery; (4) attorney's fees for post-trial and appellate services; and (5) post-judgment interest at the highest lawful rate. (Dkt. 14 at 24). Given the circumstances here, Court finds Innovative Sports' damages requests to be excessive.

Innovative Sports produced evidence that it would have charged Maya Bar $1,500 to exhibit the soccer match. *See* (Dkt. 14-1 at 18) (the capacity of Maya Bar was approximately 175 people); *see also* (Dkt. 11 at 28) (Innovative Sports' rate sheet advertising a charge of $1,500 for a venue seating 151-200 people). The Court finds an award of damages two times the amount of the lawful sub-license fee accounts for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the [event]." *Joe Hand Promotions v. Garcia*, 546 F.Supp.2d 383, 386 (W.D. Tex. 2008). Therefore, to compensate Innovative Sports for the violation of § 605, the court finds that a statutory award of $3,000 is appropriate.

The Court further finds this case warrants an award of additional damages because Defendants, in receiving the unauthorized satellite signal and displaying the soccer match, acted willfully and for the purposes of private financial gain. *See supra*.

Given the summary judgment evidence that Maya Bar was less than 50% occupied the night of the soccer match (Dkt. 14-1 at 18), and the lack of summary judgment evidence that Maya Bar instituted a cover charge to watch the soccer match or charged a premium for food and drinks served during the soccer match, the Court declines to impose a multiplier of the statutory damages here. Instead, the Court finds that additional damages in the amount equal to the statutory damages—*i.e.*, $3000—is appropriate. In sum, the Court awards $6,000 in total damages jointly and severally against all Defendants.

Because Defendants are liable under § 605, Defendants must also compensate Innovative Sports for its reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Innovative Sports seeks attorney's fees in the amount of a one-third contingent fee. (Dkt. 14 at 23). Based on the affidavit of David M. Diaz, the Court finds that the requested fee award is reasonable in this case. (Dkt. 14-1 at 36-42). Therefore, the Court awards $2,000 in attorney's fees and full costs under § 605(e)(3)(B)(iii). Innovative Sports must file a bill of costs within fourteen days of the entry of final judgment. S.D. Tex. L.R. 54.2.

Finally, Innovative Sports requests conditional attorney's fees in the event of the need for post-trial and appellate services. (Dkt. 14 at 23-24). The Court agrees with Innovative Sports that it should receive conditional attorney's fees in the following amounts:

a. Ten Thousand Dollars ($10,000.00) in the event that the Defendants file a motion to vacate, Rule 60 motion, motion for a new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

b. Fifteen Thousand Dollars ($15,000.00) in the event that a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

c. Five Thousand Dollars ($5,000.00) for making and/or responding to the defendant or defendants' petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

d. Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event the defendant or defendants' petition for certiorari is granted and does not result in a reversal of the judgment obtained in this action;

e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### IV. **CONCLUSION**

In conclusion, the Court finds that Innovative Sports has provided sufficient summary judgment evidence to conclusively establish Defendants' liability under § 605 of the FCA, and that Defendants have failed to demonstrate a genuine issue of material

fact. Accordingly, Innovative Sports' motion for summary judgment (Dkt. 14) is GRANTED. The Court awards Innovative Sports the following:

    1. statutory damages in the amount of $3,000;

    2. additional damages in the amount of $3,000;

    3. all costs, including an award of $2,000 for reasonable attorney's fees;

    4. post-judgment interest at the rate of 4.46% per annum from entry of judgment; and

    5. conditional attorney's fees, if incurred, in the amounts provided above:

**It is so ORDERED.**

SIGNED at Houston, Texas on March 28, 2023.

                                                  GEORGE C. HANKS, JR.
                                        UNITED STATES DISTRICT JUDGE